U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DRAKE JORDAN FINCH, TDCJ-CID No. 01985702, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-108-Z-BR |
| GOVERNOR OF THE STATE OF TEXAS, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed June 12, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### BACKGROUND

Plaintiff sues multiple state agencies and actors (Governor of the State of Texas, Lt. Governor State of Texas, Texas Deputy Attorney General, Prosecutor James English (222nd District Attorney), FNU LNU (222nd Judicial District Court Reporter), Attorney General for the State of Texas, 1st Assistant Attorney General, State of Texas, Texas Board Criminal Justice, Assistant Criminal District Attorney, All District Attorneys, State of Texas, All Court Reporters, State of Texas, the State of Texas, and All Police Departments, State of Texas), alleging participation in a scheme to falsely imprison others (including Plaintiff). *See* ECF No. 3, at 6-7.

Specifically, Plaintiff alleges that Defendants falsified court documents in his underlying state court criminal conviction in the 222nd Judicial District Court. *Id.*, at 8. Plaintiff seeks $50 million dollars in damages.

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## ANALYSIS

Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), cert. denied, 492 U.S. 921 (1989). Prosecutors are immune from Section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Thus, to any extent Plaintiff also seeks damages against any defendant, his claims are barred by immunity.

Plaintiff's claims brought against the State of Texas are barred. The Eleventh Amendment provides the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). This includes claims brought against a state pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Eleventh Amendment also bars suit against the state agencies sued by Plaintiff. *See id.*

Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner Section 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

According to the records of the 222nd Judicial District Court of Deaf Smith, Texas, Plaintiff was adjudged guilty to aggravated assault with a deadly weapon, causing serious bodily injury, on February 26, 2015. Plaintiff was sentenced to forty years in prison. Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. The procedural history of his case indicates just the opposite. Accordingly, Plaintiff's claims for declaratory relief and monetary damages

regarding his alleged wrongful prosecution should be dismissed without prejudice to refile once the conditions of *Heck* are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

May 5, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4